Burnes, J.
This motion for summary judgment arises out of plaintiff James Foster’s action to require the defendant, Back Bay Spas, Inc., dba Healthworks Fitness Center, to allow him to join the health club. The club does not admit men. Foster argues that this policy violates G.L.c. 272, §§92A and 98 (“public accommodations statute”). For the reasons set forth below, the plaintiffs motion is ALLOWED.
BACKGROUND
Plaintiff James Foster (“Foster”) is a male resident of 130 Dartmouth Street in Boston. Defendant Back Bay Spas, Inc. d/b/a Healthworks Fitness Center (“Healthworks”) owns and operates a health club facility in the Back Bay area of Boston which accepts only women. Foster is a member of the Marriott Health Club at Copley Place, directly across the street from a Healthworks facility. There exist a large number of other, co-ed exercise facilities in the Boston area with similar resources as Healthworks. Nevertheless, Foster seeks membership at Healthworks Fitness Center, the one facility which caters only to women.
Healthworks was developed and designed for use by women, and thus its programs and facilities — including locker rooms and restrooms- — cater to women. Healthworks, in addition to providing a full range of exercise equipment and facilities, offers various fitness and health classes, including classes tailored towards female concerns such as pre-natal programs and special nutrition counseling for women. Healthworks has also contracted with the YWCA Boston so that its members may use its facility. Healthworks promotes itself as an all women’s facility, by its advertising and facility window displays.
Healthworks opened its Back Bay facility in February 1996 and its membership is now over 3,500. Foster inquired about membership at Healthworks in February 1996 and was turned away because he is a man.
Affidavits submitted by Healthworks reveal that many of the club’s members based their decision to join and to remain members of the facility because it is only open to women. Moreover, Healthworks submitted an affidavit of a Robert Tanenbaum, Ph.D., an expert on areas that impact exercise behavior and fitness including knowledge of gender differences, human sexuality, and reduction of performance anxiety. Dr. Tanenbaum served as an expert on a similar case in Pennsylvania. In his affidavit, Dr. Tanenbaum concludes that over 80% of the members he interviewed stated that the all female aspect of the club was the most important reason for joining Healthworks; that many of the members are of “post-childbearing age and have experienced bodily changes resulting from pregnancy and childbirth which alter their appearance . . . older members who have recently gone through menopause . . . feel intimidated exercising in a coed environment;” that many of the women expressed concern about being watched by members of the opposite sex while exercising; and, that several were recovering from past physical or sexual abuse, or had specific religious concerns about exercising in a coed facility. Most significantly, Dr. Tanenbaum concluded that “(a]pproximately 87% of the women . . . said that they would stop exercising at Healthworks if men were permitted to join. . . . Healthworks meets an existing need among the women described and minimizes the hurdles typically found in a coed setting, particularly for women who do not have a consistent fitness history. ”
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
No material facts are in dispute. The Court, therefore, is charged with determining whether Foster has proved, as a matter of law, that Healthworks’ refusal to allow men membership in its facility is in violation of the Massachusetts Public Accommodation Law, G.L.c. 272, §§92A, 98, and, if so, whether there is any exception to the anti-discrimination provisions in that law.
General Laws c. 272, §92A provides as follows, in pertinent part:
No . . . place of public accommodation, resort or amusement shall, directly or indirectly . . . distribute or display . . . any . . . notice or sign, . . . intended to discriminate against or actually discriminating against persons of any . . . sex ... in the full enjoyment of the accommodations, advantages, facilities or privileges offered to the general public by such places of public accommodation . . .
*463 The statute further defines a “place of public accommodation” as:
includ[ing] any place, . . . which is open to and accepts or solicits the patronage of the general public and ... (8) a place of public amusement, recreation, sport, exercise or entertainment. . .
General Laws c. 272, §98 provides the following, in pertinent part:
Whoever makes any distinction, discrimination or restriction on account of. . . sex . . . relative to the admission of any person to, or his treatment in any place of public accommodation, resort or amusement, as defined in Section ninety-two A, . . . shall be punished . . . All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right.
Healthworks has stipulated that it is “a place of public accommodation” as defined by Section 92A. On its face, therefore, there is no dispute that the exclusion of males from this place of public accommodation is in violation of the public accommodation law. Healthworks claims, however, that women have a privacy right to exercise in an all female environment.
The privacy statute grants a right to privacy. G.L.c. 214, §1B provides as follows, in pertinent part: “a person shall have a right against unreasonable, substantial or serious interference with his privacy.” The central issue in this case, therefore, is whether a privacy right exists, or can be read into the public accommodations statute, which would permit the exclusion of all men from an all women’s exercise facility.
Healthworks claims that its customers’ privacy rights are protected by G.L.c. 214, §1B (“privacy statute”); that there exists within the public accommodations statute an implied right of privacy for all women to exercise in an all women environment; and that the public accommodation statute was amended to protect women, not men. Specifically, Healthworks argues that a privacy right exists, based on the customer gender preferences of Healthworks’s membership. In support of its position, Healthworks cites Livingwell (North) Inc. and Four Corners Health Clubs v. PA Human Relations Comm'n., 606 A.2d 1287 (1992), aff'd without opinion, 618 A.2d 401 (1992), a case factually identical to this one. In that case, the Commonwealth Court of Pennsylvania held that based on a “customer gender privacy” defense, an all women’s health club would be permitted to exclude all men from its facility, stating that “(t)his defense recognizes a pervasive public policy that certain conduct that relates to and between genders is inappropriate.” Livingwell, 606 A.2d at 1289. In determining that the membership had a privacy interest in exercising in a single sex club the court concluded that “they [members] expose parts of the body about which they are most sensitive, assume awkward and compromising positions, and move themselves in a way which would embarrass them if men were present.” Id. at 1292.[1]
This Court recognizes the difficulty in defining what constitutes “privacy rights.” Nevertheless, it is clear that the cases relied upon by the Livingwell court all involve the exposure or the touching of intimate body parts. This case, on the other hand, involves exercising — an activity-performed before numerous other people, in full exercise attire. Moreover, as Foster points out, at the Healthworks facility in Boston’s Back Bay area, the exercisers can be seen from the street as there are two large windows at the front of the facility. Healthworks argues that although there is little nudity involved, and recognizes that any such nudity is voluntary, the compromising positions and contours the customers must invariably assume while exercising raises this clothed activity to a level of exposure akin to nudity or physical contact and thus requires the protection of a privacy right. Again, this Court disagrees. No exercise position, performed while dressed, would result in the sort of exposure of intimate body parts which has been protected by the privacy right. Contrast, e.g., United States Equal Employment Opportunity Comm'n v. Sedita, 816 F.Supp. 1291, 1296 (N.D. Ill. 1993) (privacy rights have been recognized in situations involving disrobing, sleeping, or performing bodily functions in the presence of the opposite sex); York v. Story, 324 F.Ed. 450, 455 (9th Cir. 1963, cert. denied, 376 U.S. 939 (1964) (“The desire to shield one’s unclothed figure from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity.”).
Moreover, Massachusetts cases construing what constitutes a “privacy right” for purposes of G.L.c. 214 §1B have never held that exercising in a same-sex facility, even with the awkward and compromising positions the women must assume, is such a right. Such cases, for example, have concerned the misappropriation of a person’s name and likeness, Shepard’s Pharmacy v. Stop & Shop Companies, Inc., 37 Mass.App.Ct. 516, 523, rev. denied, 419 Mass. 1102 (1994); the disclosure of medical information, Webster v. Motorola, Inc., 418 Mass. 425, 430 (1994); and the use of urinalysis in employee drug testing, Folmsbee v. Tech Tool Grinding & Supply, Inc., 417 Mass. 388, 392 (1994). See also, Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 517 n.4 (1991) (“the bulk of cases under the [privacy] statute have concerned the gathering and dissemination of information which plaintiffs contended was private") (internal' citations omitted); Mulgrew v. Taunton, 410 Mass. 631, 636 (1991) (the Supreme Judicial Court “has interpreted §1B to proscribe disclosure of facts about an individual that are of a highly personal or intimate nature when there exists no legitimate countervailing interest”). Here, the putative *464 privacy right is only the right to exercise in a same-sex facility. No private information is being disclosed, and no highly personal or intimate facts are being revealed. The only basis for the claimed right is the exposure of one’s clothed anatomy while exercising. Massachusetts case law supports no such right.
Healthworks’ affidavits and personal statements describe the sense of intimidation certain women, including post-menopausal women, and women who have undergone mastectomies or who have suffered abuse, will feel in a coed exercise atmosphere, such that they would cease their exercise program. While the Court recognizes the impact that the admission of men into the club may have on these women, intimidation and the assumption that all male Healthworks members will harass and leer at their exercise compatriots is still an insufficient ground on which to create a privacy exception. Absent the unclothed exposure of intimate body parts, or the touching of body parts by members of the opposite sex, this Court can find no basis for overriding the public accommodations statute’s mandate.
Further, an affidavit from a member of the Islamic faith stated that Islamic women, who are forbidden from revealing any part of their body (except for their face and hands) while in the presence of men, would no longer be able to use the Healthworks facility at all if men were allowed to join. Healthworks, however, is not a religious facility providing exercise facilities only to Islamic women. It is a public health club. And while this Court recognizes the disparate impact the inclusion of men will have on women of the Islamic faith, this Court cannot allow Healthworks to discriminate against men by allowing women of all faiths access to a single-sex exercise space on the basis of the religious beliefs of a portion of its members.
Because this Court concludes that there is no legitimate privacy interest to be recognized or protected which would excuse the discriminatory exclusion of males in violation of the public accommodations statute, the inquiry need not go further. Since the customers of Healthworks have no privacy right to be protected, the Court is not required, indeed cannot, consider whether Healthworks’ policy is reasonable. See, Livingwell, 606 A.2d at 1294. See also, Jones v. Hinds Gen. Hosp., 666 F.Supp. 933, 936-37 (S.D.Miss. 1987) (defendant met its burden of establishing no reasonable alternative to same-sex requirement for nurses).
ORDER
For the reasons set forth above, it is hereby ORDERED that Foster’s motion for summary judgment is ALLOWED.

 The public accommodations statute at issue in Liuingwell provides, similarly to G.L.c. 272 §92A, that access to public accommodations shall not be denied because of gender. Pennsylvania’s public accommodations statute also provides an exception to that proscription based on “a bona fide occupational qualification,” an exception not present in §92A. See, Livingwell, 606 A.2d at 1289.